IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LaSalle Bank National Association as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF1, | : | |
| | : | Civil Action 2:07-cv-00343 |
| | : | |
| | : | Judge Smith |
| Plaintiff | : | Magistrate Judge Abel |
| | : | |
| v. | : | |
| | : | |
| Mike Cordes, *et al.*, | : | |
| | : | |
| Defendants | : | |

# ORDER

This matter is before the Court on Plaintiff's unopposed May 30, 2007 motion for default judgment.  (Doc. 11.)

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the State of Ohio, County of Franklin, and in the City of Gahanna:

Being lot number one hundred twenty-four (124), in Foxboro No. 3, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 45, Page 53, Recorder's Office, Franklin County, Ohio.

The Clerk of Court entered default judgment against defendants Mike Cordes and  First Franklin Financial Corporation on May 29, 2007.  (Doc. 10.)  Defendants Mike Cordes and First Franklin Financial Corporation have been served with a summons and complaint (docs. 5 and 6) but are in default for failure to file an answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby GRANTS Plaintiff's motion for default judgment and enters JUDGMENT in favor of

Plaintiff for the relief sought in its complaint.

The Court finds that Mike Cordes executed the promissory note referenced in the complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Mike Cordes executed and delivered the mortgage referenced in the complaint (the "Mortgage"), that plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note. The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed. The Court further finds that there is due on the Note principal in the amount of $149,808.40 plus interest on the principal amount at the rate of 5.75% per annum from December 1, 2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters JUDGMENT for the amount due on the Note against defendant Mike Cordes. The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the

property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Rev. Code § 2329.33. In addition, an order of sale shall issue to the Special Master, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Franklin County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

IT IS SO ORDERED.


/S/ George C. Smith
Judge George C. Smith
UNITED STATES DISTRICT JUDGE